UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**LUIS RAMIREZ RUEDAS,**

 **Petitioner,**

v.            Civil No. 4:23-cv-846-P

**BOBBY LUMPKIN, Director,
TDCJ- CID,**

 **Respondent.**

### OPINION AND ORDER

 Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Luis Ramirez Ruedas ("Ruedas"), a state prisoner confined in the Connally Unit of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Ruedas, the Court has concluded that the petition should be dismissed with prejudice as barred by the applicable statute of limitations.

**I. BACKGROUND**

 **A. Procedural History**

 Ruedas is in custody pursuant to the judgment and sentence of Criminal District Court Number Three, Tarrant County, Texas, in cause no. 1274451D. SHCR-01 at 7-9.[1] Ruedas was charged by indictment with aggravated sexual assault of a child under the age of fourteen. *Id.* at 5-6. He pleaded not guilty, was tried by a jury, found guilty, and was sentenced by the jury to life imprisonment on December 13, 2012. *Id.* at

---

[1] SHCR-01 refers to the written pleadings contained within *Ex parte Ruedas*, No. 94,149-01 (Tex. Crim. App. 2022). Copies of these records are on this Court's docket at ECF Nos. 12-21 through 12-22.

7.

Ruedas's conviction was affirmed by the Eleventh Court of Appeals of Texas on December 31, 2015. *Ruedas v. State*, No. 11-13-00049-CR, 2015 WL 9584002 (Tex. App.–Eastland 2015); see also Slip. Op., ECF No. 12-15. Ruedas filed a petition for discretionary review (PDR), and it was refused on May 4, 2016. *Ruedas v. State*, PDR No. 145-16 (Tex. Crim. App. 2016), ECF No. 12-17 and 12-18.

Ruedas filed an application for state writ of habeas corpus challenging his conviction on or around March 15, 2022.[2] SHCR-01 at 11, 26-29, ECF No. 12-22. It was denied without written order on the findings of the trial court without a hearing and on the court's independent review of the record, on October 26, 2022. SHCR-01 at "Post Card" Notice, ECF No. 12-21. Ruedas filed the instant § 2254 petition and incorporated brief as one document. Pet. at 1-10 and 48-62; Brief at 12-36, ECF No. 1. The § 2254 petition with brief was constructively filed no earlier than July 19, 2023.[3] Pet. at 57-59, ECF 1 at 1.

### B.     Statement of the Facts

The state appellate court summarized the facts as follows:

> While eating lunch at a restaurant, K.C. asked her mother, C.G., to go with her to the restroom. K.C. was five years old

---

[2] The prison mailbox rule applies to state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). But it is not clear from the record when Ruedas mailed his state habeas application. SHCR-01 at 11, 26-30, ECF No. ECF No. 12-22. Ultimately the exact date does not matter, as it is evident that the state habeas application was filed in 2022, several years after the applicable limitations period expired, as analyzed below.

[3] For purposes of determining the applicability of the AEDPA, a pro se federal petition is filed on the date it is placed in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). But it is not clear what date Ruedas mailed his federal habeas petition; so the Court uses the earliest date consistent with Ruedas's representations regarding the mailing of the document from the TDCJ Connally Unit. Pet, at 57-59, ECF No.1. Ruedas's federal petition is time-barred by any of the alleged dates.

at the time, and she usually went to the restroom by herself. K.C. told C.G. that "it was burning" when she used the restroom. C.G. asked K.C. whether she had been hurt by her bicycle, and K.C. replied that she had not. C.G. then inquired whether somebody had touched her, to which K.C. answered "yes." K.C. indicated that Appellant was the one who hurt her. K.C. would occasionally visit Appellant's home and would play with Appellant's child, who was roughly the same age. K.C. stated that Appellant had touched her when Appellant's wife was taking care of her.

K.C. told C.G. that, while she was at Appellant's home, she needed to use the restroom but someone was in the restroom by the living room. She then walked to the restroom in Appellant's bedroom. Upon exiting the restroom, K.C. saw Appellant by the bed. K.C. told her mother that Appellant then called her, lifted her onto the bed, pulled her underwear down, and touched her vagina. After receiving this report from K.C., C.G. returned to the dining area of the restaurant and told her husband what K.C. had reported to her. K.C.'s parents took her to Cook Children's Hospital and spoke with a social worker, a nurse, and a doctor about their concerns.

C.G. subsequently filed a statement with the Grand Prairie Police Department. She also took K.C to Alliance for Children, where K.C. was interviewed by Carrie Paschall, a forensic interviewer with the Tarrant County District Attorney's Office. Paschall was designated as an outcry witness and allowed to testify regarding what K.C. had told her. K.C. told Paschall that, after coming out of the restroom at Appellant's house, she was taken by Appellant

into a room where he laid her down, pulled her pants and underwear down, and made contact with her vaginal area with his belt, which caused her pain.

The State called K.C. as a witness at trial. The trial court conducted a hearing outside the presence of the jury prior to her testimony to determine her competency to testify. The trial court found K.C., who was six years old at the time of trial, to be a competent witness. K.C. testified that, after using the restroom at Appellant's house, she climbed onto the bed in Appellant's bedroom. She further testified that Appellant removed her underwear and penetrated her vagina with either his penis or his belt. K.C. testified that Appellant told her not to tell anyone about what he had done.

The jury convicted Appellant of aggravated sexual assault of a child and indecency with a child by contact and exposure. At the request of Appellant, the judgment was reformed to a single conviction of aggravated sexual assault of a child. In a special issue submitted at the punishment phase, the jury determined that the victim was a child younger than six years of age at the time of the offense.

*Ruedas v. State*, 2015 WL 9584002, at *1-2.

## II.   ISSUES

The Court understands Ruedas to allege the following claims:
1. Ineffective assistance of counsel in:
   a. failing to challenge the State's theory;
   b. failing to challenge the sufficiency of the

4

        evidence;
        c. failing to impeach inconsistent statements;
        d. failing to produce an expert of behalf of the defense; and
        e. failing to object to inflammatory remarks made by the prosecutor.

2. Trial court error for allowing an incompetent witness to testify.

3. Prosecutorial misconduct in:
        a. knowingly withholding exculpatory evidence;
        b. making prejudicial remarks about Ruedas; and
        c. having a business relationship with one of the jurors.

Pet. at 6-7 and 53-54; Brief at 14-33, ECF No. 1.

## III.    RULE 5 STATEMENT

The Respondent argues that the § 2254 petition in this case is barred by limitations. 28 U.S.C. § 2244(d). The Respondent reserved the right to argue exhaustion and other procedural bars, pending the Court's resolution of the time-bar issue. 28 U.S.C. § 2254(b). Resp. 5, ECF No. 13.

## IV.    ANALYSIS/LIMITATIONS

### A.    Application of the Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

(d) (1) A 1–year period of limitation shall apply to an

> application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection.

28 U.S.C. § 2244(d)(1)-(2).

As an initial matter, the record does not indicate that any unconstitutional "State action" prevented Ruedas from filing for federal habeas corpus relief prior to the end of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B). Also, Ruedas does not raise claims concerning a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Ruedas has not shown that he could not have discovered the factual predicate of any claims until a date subsequent to the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(D).

Therefore, the finality of Ruedas's judgment of conviction is the applicable date for the running of the limitations period in this case. *See* 28 U.S.C. § 2244(d)(1)(A). Ruedas's petition for discretionary review was refused on May 4, 2016. *Ruedas v. State*, PDR No. 0145-16, ECF Nos. 12-17 and 12-18. His conviction became final ninety days later, on August 2, 2016, when the time for filing a petition for writ of certiorari expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by when time for filing further appeals expires); Sup. Ct. R. 13.1. Accordingly, the limitation period for filing a federal habeas petition expired one year later, on August 2, 2017, absent tolling. 28 U.S.C. § 2244(d)(1)(A).

### 1. Statutory Tolling

AEDPA provides that "the time during which a properly filed application for State post–conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Ruedas's state habeas application, however, was filed in 2022, several years after the applicable limitations period, and therefore did not toll. SHCR-01 at 11; *see Scott v. Johnson*, 227 F.3d 260, 263 (5th

Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect).

## 2. Equitable Tolling

The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). Equitable tolling should be applied only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). More specifically, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (*abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006)). The petitioner bears the burden to show entitlement to equitable tolling. *See e.g. Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Ruedas has not attempted to meet his burden to show that he is entitled to equitable tolling.

Moreover, "[i]n order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. One component of the obligation to diligently pursue rights is not to squander the one-year grace period. *Johnson v. Quarterman*, 483 F.3d 278, 287–88 (5th Cir. 2007); *see, e.g., Stroman v. Thaler*, 603 F.3d 299, 302-03 (5th Cir. 2010) (finding the fact that petitioner's state habeas application was filed when only five months of the one-year limitation period remained to be among the indicia of petitioner's lack of diligence). Here, Ruedas did not pursue his state habeas application until several years afer his conviction was final. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir.1999) (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Ruedas

has not explained his delay in filing for habeas relief and has failed to demonstrate that he was diligent in pursuing habeas relief. As Ruedas has not met his burden, he is not entitled to equitable tolling.

### B.     Actual Innocence

The Supreme Court has held that the AEDPA statute of limitations can be overcome by a showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Ruedas claims that he is actually innocent of the crime. Brief at 30-31, ECF No. 1; Reply at 9, ECF No. 18. Review shows that Ruedas fails to satisfy the conditions for such relief set forth in *McQuiggin*.

In *McQuiggin*, the Supreme Court held that tenable claims of actual innocence serve as a gateway through which the petitioner may pass, allowing his underlying constitutional claims to be considered despite being raised outside the AEDPA statute of limitations. 569 U.S. at 386. However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298 (1995), and citing *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met)).

In this context, newly discovered evidence of a petitioner's "[a]ctual innocence" refers to factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer*, 505 U.S. at 340. And while diligence is not a discrete requirement, the timing of the federal habeas petition bears on the credibility of the evidence proffered to show actual innocence. *See McQuiggin*, 569 U.S. at 399–400. Ultimately, "[t]he miscarriage of justice exception . . . applies to a severely confined

category" of otherwise untimely claims. *Id*. at 395. To successfully open the actual-innocence "gateway", a petitioner must present "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316). Ruedas has not brought forward any new, reliable evidence that he is factually innocent under the applicable standard.

Ruedas's § 2254 petition for writ of habeas corpus filed no earlier than July 19, 2023, is filed several years beyond the applicable limitations date. Pet. at 59, ECF 1. It must be dismissed with prejudice as time-barred.

## V.     CONCLUSION and ORDER

In sum, as Ruedas's § 2254 petition is filed beyond the applicable one-year deadline from finality of judgment, as he has not claimed he is entitled to a later limitations start date, as he has not shown that he is entitled to statutory or equitable tolling, and as he has not met the *McQuiggin* standard of actual innocence, the petition under § 2254 must be dismissed with prejudice as barred by the applicable statute of limitations.

It is therefore **ORDERED** that Luis Ramirez Ruedas's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** with prejudice. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **15th day** of **March 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE